WELCH, Judge,
concurring specially.
I agree with the majority that the judgment of the circuit court is due to be reversed. I write specially to address Danforth v. Minnesota, 552 U.S. 264, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008), and its impact on our continued application of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), to determine whether new constitutional rules of criminal procedure are to be given retroactive effect. In Danforth, the United States Supreme Court discussed the scope of its decision in Teague and stated: “A close reading of the Teague opinion makes clear that the rule it established was tailored to the unique context of federal habeas and *469 therefore had no bearing on whether States could provide broader relief in their own postconviction proceedings than required by that opinion.” 552 U.S. at 276. The Court held: “The question in this case is whether Teague constrains the authority of state courts to give broader effect to new rules of criminal procedure than is required by that opinion. We have never suggested that it does, and now hold that it does not.” Id. at 266.
Alabama courts have used the Teague analysis to determine whether decisions should be applied retroactively. E.g., Ex parte Harris, 947 So.2d 1139, 1143-47 (Ala.2005); Ferguson v. State, 13 So.3d 418, 429-31 (Ala.Crim.App.2008) (also citing Danforth v. Minnesota); Duncan v. State, 925 So.2d 245, 250-52 (Ala.Crim.App.2005). In light of Danforth v. Minnesota, however, it does not appear that we are required to conduct the type of analysis set out in Teague when determining the retroactivity of a new rule. However, I believe that question is one that is better decided by the Alabama Supreme Court and, therefore, that a Teague analysis was proper in this case.
For the foregoing reasons, I concur specially with the majority opinion.